# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 28, 2020

Lyle W. Cayce
Clerk

No. 20-10673

Kim Garza,

*Plaintiff—Appellant*,

*versus*

Arlington Independent School District,

*Defendant—Appellee*.

Appeal from the United States District Court,
for the Northern District of Texas
USDC No. 4:18-CV-829

Before Higginbotham, Jones, and Costa, *Circuit Judges*.
Per Curiam:*

Plaintiff Kim Garza appeals the district court's dismissal of her various employment discrimination claims against Arlington Independent School District ("AISD") after she voluntarily stopped teaching there. After

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-10673

reviewing the court's opinions, the briefing and pertinent portions of the record, we find no reversible errors of law or fact in the district court's opinion and therefore AFFIRM.

On March 22, 2017, Garza filed a charge with the U.S. Equal Employment Opportunity Commission, alleging age discrimination, race discrimination, national origin discrimination, and retaliation. She received a right to sue letter from the EEOC on November 27, 2017, but her lawyer did not file suit in district court within the required 90 days. She was issued a second right to sue letter on March 22, 2018 for her discrimination claims of discrimination and retaliation based on age, disabilities, gender, and ethnicity.

In an August 5, 2019 order, the district court reviewed all her claims on a Fed. Rule Civ. Pro. 12(b)(6) motion and dismissed as untimely her claims of race discrimination, national origin discrimination, and sex discrimination under Title VII as well as a Title VI claim, because the allegations were exactly the same as those for which the time limit had expired based on the first right to sue letter. The district court also dismissed the 42 U.S.C. § 1983 claims for failing to state a claim because Plaintiff failed to allege facts establishing the AISD school board engaged in a well-established custom of discrimination against her. The district court left in place Garza's claims for age discrimination ("ADEA"), claims under the Americans with Disabilities Act ("ADA") and Title VII retaliation and hostile work environment.

At the summary judgment stage, the district court again carefully reviewed the remaining claims in an order dated May 29, 2020. The court found insupportable Garza's ADEA, ADA, and Title VII claims because Garza suffered no adverse employment action. As she admitted in her deposition, she voluntarily resigned from AISD following a lengthy period of

No. 20-10673

leave. The court also rejected her hostile work environment claim as a matter of law because she provided no evidence that any of the alleged harassment or discrimination occurred on account of her ethnicity or gender. Thus, she failed to establish the element requiring that the alleged harassment be based on a protected characteristic.

In her appellate brief, Garza does not cite caselaw to support her arguments or apply law to facts. Instead, she pastes a string of record citations that she claims were in an appendix to a prior motion for summary judgment. *See Denton Cty. Elec. Coop., Inc. v. Nat'l Labor Relations Bd.*, 962 F.3d 161, 166 (5th Cir. 2020) (appellant waives a challenge by failing to adequately brief the issue.). Garza's briefing is insufficient to support the points she has raised, and the claims are therefore waived. *See* Fed. R. App. P. 28(a); 5th Cir. R. 28.2-3. In any event, based on the above summary of the district court's decisions, and having reviewed the underlying contentions carefully, we find no reversible error of law or fact.

Accordingly, the judgment of the district court is **AFFIRMED**.